IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOBSON MILLS APARTMENTS, L.P., DOBSON SCOTTS, L.P. and MANSION AT BALA, L.P. | : : : : | |
| Plaintiffs, | : : | No. 21-cv-00273-JCJ |
| v. | : : | |
| CITY OF PHILADELPHIA and PHILADELPHIA, PENNSYLVANIA BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, | : : : : : | |
| Defendants. | : : | |

**ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of the Motion for Judgement on the Pleadings by Defendants City of Philadelphia and the Philadelphia Building and Construction Trades Council, AFL-CIO, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Complaint is dismissed with prejudice pursuant to Rule 12(b)(1);

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Complaint is dismissed with prejudice pursuant to Rule 12(c).

BY THE COURT:

_____

Joyner, J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOBSON MILLS APARTMENTS, L.P., <br> DOBSON SCOTTS, L.P. and <br> MANSION AT BALA, L.P. <br><br>                    Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA and <br> PHILADELPHIA, PENNSYLVANIA <br> BUILDING AND CONSTRUCTION <br> TRADES COUNCIL, AFL-CIO, <br><br>                    Defendants. | No. 21-cv-00273-JCJ |

## DEFENDANT CITY OF PHILADLEPHIA AND DEFENDANT PHILADELPHIA BUILDING AND CONSTRUCTION TRADE COUNCIL'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

Defendant City of Philadelphia (the "City") and Defendant Philadelphia Building and Construction Trades Council ("PBCTC") (together, "Defendants") hereby file this Motion to Dismiss and for Judgment on the Pleadings (the "Motion"). In support of the Motion, Defendants incorporate the attached Memorandum of Law and accordant exhibits. Defendants respectfully request that the Court dismiss Plaintiffs' declaratory judgment action pursuant to Rule 12(b)(1) and, in addition or the alternative, dismiss the Complaint pursuant to Rule 12(c).

Date:  June 11, 2021

Respectfully submitted,

/s/ *Kristin K. Bray*
Kristin K. Bray
Chief Deputy City Solicitor, Code & Public
Nuisance Litigation
PA Bar No. 200737
City of Philadelphia Law Department
1515 Arch Street, 15th Floor

Philadelphia, PA 1
Attorney for Defendant City of Philadelphia


CLEARY, JOSEM & TRIGIANI, LLP

*/s/Cassie Ehrenberg*
Joseph T. Cleary, Esquire
Cassie R. Ehrenberg, Esquire
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
*Attorneys for Defendant PBCTC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOBSON MILLS APARTMENTS, L.P., DOBSON SCOTTS, L.P. and MANSION AT BALA, L.P. | : : : : | |
| Plaintiffs, | : : | No. 21-cv-00273-JCJ |
| v. | : : | |
| CITY OF PHILADELPHIA and PHILADELPHIA, PENNSYLVANIA BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, | : : : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS**

The gravamen of Plaintiff's Amended Complaint (the "Complaint") is that Plaintiffs wish to renege on their obligations pursuant to an Agreement of Settlement and Understanding ("the 2006 Settlement") that they executed *sixteen* years ago, with the benefit of counsel, before this Honorable Court.[1] In the Complaint, Plaintiffs express their regret that they did not choose to litigate this matter in 2006 and their buyer's remorse concerning the 2006 Settlement. Via this declaratory judgment action Plaintiffs seek a second bite at the apple as to the 2005 litigation and wish to test whether, having obtained the benefits of the 2006 Settlement, breach that agreement on a hypothetical future basis.

The Court should dismiss the Complaint with prejudice for two separate reasons. First, pursuant to Rule 12(b)(1), no justiciable controversy exists and declaratory judgment is

---

[1] The Amended Complaint includes the 2006 Settlement as Exhibit A.

1

inappropriate. Second, in addition or in the alternative, the Complaint fails to state a claim upon which relief can be granted and the Court should enter judgment on the pleadings under Rule 12(c).

## STATEMENT OF FACTS

Plaintiffs, Dobson Mills Apartments, L.P., Dobson Scotts, L.P., and Mansion at Bala, L.P. (collectively, "Plaintiffs") own parcels of real property in the City of Philadelphia located at 4055 Ridge Avenue, 4021 Ridge Avenue, and 4700 City Avenue (the "Subject Properties"). Compl. at ¶¶ 13–15. In the early 2000s, Plaintiffs sought zoning and other governmental approvals to construct apartment complexes and retail space on portions of the Subject Properties. *Id.* at ¶ 2.

While construction was ongoing, the City cited Plaintiffs for violations of the Philadelphia Code at the Subject Properties. *Id.* at 4; *see also* Pls.' Ex. A at ¶ 8 (noting 2005 inspections that the City alleged identified multiple violations, including "unlicensed contractors, working without permits, and permits not posted").[2] Accordingly, the City initiated enforcement proceedings against Plaintiffs (the "2005 Litigation"). *Id.* at ¶¶ 4–5. On March 30, 2006, the parties, intending to "resolv[e] all disputes and misunderstandings" between them in the 2005 Litigation, Pls.' Ex. A at 2, executed the 2006 Settlement. *Id.* at ¶ 5.

The 2006 Settlement specifies that it "constitutes the entire agreement between the parties . . . and supersedes all prior oral or written agreements and/or misunderstandings between the parties." Pls.' Ex. A at ¶ 13. It states that the "parties . . . [were] represented by counsel of their choice," and "the wording and intent" of the agreement was "reviewed and accepted by counsel for all of the parties," and that the "parties . . . jointly participated in [its] drafting[.]" *Id.* at ¶ 14. The Complaint evinces the parties' understanding of the essential terms of the 2006 Settlement.

---

[2] The Court can consider this document, Exhibit A, without converting the instant motion to one for summary judgment as the Complaint incorporates it by reference and it is a matter of public record. *See Havassy v. Mercedes-Benz Fin. Servs. USA, LLC*, 432 F. Supp. 3d 543, 545 (E.D. Pa. 2020) (noting courts can consider matters of public record during a motion to dismiss).

2

Plaintiffs recognize their commitment within the 2006 Settlement to utilize certain labor practices for future developments at the Subject Properties. *Id*. at ¶¶ 7–8. The text of the 2006 Settlement states that, in exchange for this commitment, the parties obtained a mutual release. Pls.' Ex. A at ¶¶ 8–9. Stated differently, the parties understood that in exchange for the commitments in the 2006 Settlement, the City, among other things, would discontinue the 2005 Litigation. *Id.*

In or around 2019, Plaintiffs initiated plans to further develop a portion—but not all—of the Subject Properties, completed certain relevant construction prerequisites, and "received all permits and approvals required to start constructions[.]" *Id*. at ¶ 41. Without giving any specific details as to what they precisely intend to do, Plaintiffs transparently state that the intent of their declaratory judgment action is to test whether they can hypothetically breach the 2006 Settlement without consequence at an indeterminate point in the future. *Id.* at ¶ 10.

The Complaint alleges six theories pursuant to which the 2006 Settlement is purportedly unenforceable. Primarily, Plaintiffs contend that the 2006 Settlement was the result of "pressure" that "forced" them "to seek the quickest possible resolution." *Id.* at 32–33. Plaintiffs also cite violations of the Fifth and Fourteenth Amendments, lack of consideration, ambiguity as to damages, whether the agreement runs with the land, and the lack of an agreement end-date. *Id.* at ¶¶ 50–54. Since Plaintiffs state that their intent is to begin construction as urgently as possible, *id.* at ¶ 41, this necessarily means they do not presently plan to sell the Subject Properties. Despite claims as to calculating damages, Plaintiffs indicate in the Complaint that they can, somehow, precisely calculate the monetary difference between performance and non-performance. *Id.* at ¶ 8.

None of the parties contend that Plaintiffs already breached the 2006 Settlement. Plaintiffs do not assert that they intend to breach the 2006 Settlement. Plaintiffs also concede, as they necessarily must, that it is also unknown if Defendants will initiate litigation if this hypothetical

breach occurs. *Id*. at ¶ 42. Because all of these questions dwell in the land of a future that may or may not occur, none of the parties knows whether they can amicably resolve any attendant disputes without resorting to the federal court.

Plaintiffs filed their Amended Complaint on February 23, 2021. (ECF No. 5) PBCTC filed its Answer on March 9, 2021. (ECF No. 6) The City filed its Answer on March 26, 2021. (ECF No. 9) On March 25, 2021, Plaintiffs sought an expedited schedule in this matter, which the Court denied on May 11, 2021. (ECF Nos. 8 and 15) Discovery is set to conclude on July 19, 2021 and the Court scheduled the trial pool for September 27, 2021. (ECF No. 14) At present, there is only a pending discovery motion from plaintiffs pending in this action.

## DISCUSSION

The Court should dismiss the Complaint for two reasons. First, Plaintiffs essentially acknowledge that this matter is preemptory—it stems from a hypothetical future breach of the 2006 Settlement that may never occur. No justiciable controversy exists and the Court should thus dismiss the Complaint pursuant to Rule 12(b)(1). Second, pursuant to Rule 12(c), the Complaint demonstrates that the Defendants are entitled to judgment on the pleadings as a matter of law. Among other things, the preemptory defenses Plaintiffs assert fail as a matter of law and *promissory estoppel* bars Plaintiffs' requested relief.

**I.     The Court Should Dismiss the Complaint Pursuant to Rule 12(b)(1)**

No justiciable controversy exists and the Court should decline to exercise jurisdiction over Plaintiffs' declaratory judgment action. Rule 12(b)(1) permits dismissal of a complaint for lack of subject matter jurisdiction. A party can challenge subject matter jurisdiction on the face of the pleadings or on the facts underlying the existence of jurisdiction. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358–59 (3d Cir. 2014). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction or that there is a legal bar to

4

the court hearing the case. *Id.* In reviewing a facial challenge pursuant to Rule 12(b)(1), courts accepted all factual allegations in a complaint as true. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). The instant application presents a facial challenge to the Complaint as there is no justiciable controversy that supports Plaintiffs' request for declaratory judgment.

### *(a) Declaratory Judgment Standard*

The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court . . . *may* declare the rights and other legal relations of any interested party." 28 U.S.C. 2201(a) (emphasis added). Exercising jurisdiction pursuant to Section 2201(a) is discretionary. *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000). Declaratory judgment is only appropriate where there is a "justiciable controversy" rather than a "dispute of a hypothetical or abstract character." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937). The party requesting declaratory judgment must prove, by a preponderance of the evidence, that an actual controversy exists. *See, e.g.*, *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887–88 (Fed. Cir. 1992). In determining whether to exercise jurisdiction, additional key considerations are "practicality and wise judicial administration" and "prevention of the use of the declaratory action as . . . procedural fencing or as a means to . . . [obtain] *res judicata*[.]" *State Farm Mut. Auto. Insur. Co. v. Dabbene*, -- F. Supp. 3d --, 2021 WL 37508, at *6 (E.D. Pa. 2021).

To determine if a justiciable controversy exists, courts consider—among other things—the adversity of the parties' interests and the conclusiveness of the ultimate judgment that the court may enter. *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1463 (3d Cir. 1994). An actual controversy exists when "the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v.*

5

*Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In contrast, where a party asks for a "rul[ing] on the viability of a hypothetical claim which may never be brought, and an affirmative defense that may never be asserted," it is essentially a request for an advisory opinion. *Transamerica Life Ins. Co. v. Daibes Gas Holdings Atlanta, L.L.C.*, C.A. No. 18-10869, 2018 WL 5033755, at *2–3 (Oct. 17, 2018 D. N.J.). "Federal courts may not render advisory opinions." *Id.*

### (b) No Justiciable, Actual Controversy Exists and the Court Should Decline to Exercise Jurisdiction Here and Issue an Advisory Opinion

Plaintiffs cannot carry their burden, by a preponderance of the evidence, to establish that the Court should exercise jurisdiction over their request for declaratory judgment. *Transamerica*, 2018 WL 5033755, at *3. The Complaint is an opaque, anticipatory-defensive maneuver to test if Plaintiffs can breach the agreement and "any purported obligation" arising from it. Compl. at ¶ 10. No actual controversy exists, it is a clear request for an advisory opinion, and is unlikely to result in a conclusive judgment that can avoid hypothetical future litigation.

This matter stems from Plaintiffs' buyer's remorse concerning the 2006 Settlement, which they negotiated at arm's length via counsel of their choosing. Pls. Ex. A at ¶ 14. After sixteen years, Plaintiffs wish to further develop the Subject Properties, but do not wish to abide by the terms of the settlement due to its associated costs to them. *Id.* at ¶¶ 7–9. While Plaintiffs have a zoning permit for *one* of the plots they wish to develop, they do not contend that they obtained building permits.

Plaintiffs have not begun work nor have they yet breached the 2006 Settlement.  In fact, in their Complaint, Plaintiffs do not even assert that they intend to breach the 2006 Settlement much less how they intend to do so—such as in whole or in part. Instead, Plaintiffs speculate that at some future, indeterminate point in time, they may breach some or all of the 2006 Settlement.  None of

the parties thus knows what, if any, action any party may take to enforce the 2006 Settlement if Plaintiffs breach it. A controversy thus does not exist "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" and the Complaint essentially requests an advisory opinion from the Court. *Transamerica*, 2018 WL 5033755, at *3.

In addition, a judgment from the Court here is unlikely to provide a conclusive result that can avoid any future, hypothetical attendant litigation. If the Court holds that the 2006 Settlement is a valid and enforceable contract, Plaintiffs may nevertheless breach it and there is the potential for an actual controversy to arise that results in further, future litigation. Compl. at ¶ 7–9; *Dabbene*, 2021 WL 37508, at *6. Depending upon the result here, this maneuvering permits Plaintiffs' to preemptively test certain defenses and potentially obtain a partial *res judicata* shield for hypothetical, future litigation. *Id*.

In sum, there are numerous permeations of future events where no litigation results here. The Complaint is a transparent "procedural fencing" maneuver, *Dabbene*, 2021 WL 37508, at *6, that requests "an opinion advising what the law would be upon a hypothetical state of facts," *Haworth*, 300 U.S. at 240–41. The Court should accordingly decline to exercise jurisdiction here and should dismiss the Complaint pursuant to Rule 12(b)(1).

## II. The Court Should Enter Judgment on the Pleadings in Favor of the Defendants Pursuant to Rule 12(c)

The Court should grant the Defendants' request for judgment on the pleadings and dismiss the Complaint with prejudice for two primary reasons. First, the only non-conclusory, though still vague, assertion for relief from the 2006 Settlement—duress—is insufficient as a matter of law. Second, even if Plaintiffs succeeded in abrogating the 2006 Settlement, promissory estoppel bars Plaintiffs from reneging on their commitments.

(a) ***Rule 12(c) Motion for Judgment on Pleadings Standard***

"Judgment on the pleadings is appropriate when 'the movant clearly establishes that no material issue of fact remains . . . and that he is entitled to judgment as a matter of law.'" *Havassy*, 432 F. Supp. 3d at 545 (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). Courts "accept as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [ ] construe[s] them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018). Courts consider "the pleadings and exhibits attached thereto, matters of public record and 'undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on those documents.'" *Havassy*, 432 F. Supp. 3d at 545 (quoting *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010)). "It is not enough for a plaintiff to allege mere 'labels and conclusions[.]" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Courts grant a Rule 12(c) motion to dismiss when a plaintiff fails to articulate enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts, in evaluating a complaint, apply the two-part test set forth in *Iqbal*: (1) the court must "begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth"; (2) the court must evaluate the factual assertions to determine whether "they plausibly suggest entitlement to relief." 556 U.S. at 664, 682.

(b) ***Plaintiffs' Preemptive Defenses that the 2006 Settlement Is Unenforceable Are Insufficient as a Matter of Law***

The Complaint includes five plainly insufficient arguments for why the 2006 Settlement is unenforceable and one, though still vague, argument (duress). Defendants will briefly address the these first five arguments and thereafter substantively address Plaintiffs' duress argument. As

8

noted above and in detail below, *infra*, II(c), even if—*arguendo*—Plaintiffs succeed in abrogating the 2006 Settlement, *promissory estoppel* nevertheless binds them to their prior commitments.

Plaintiffs assert five arguments in a vague and conclusory fashion: violations of the Fifth and Fourteenth Amendments, lack of consideration, purported issues calculating damages, whether the agreement runs with the land, and lack of an agreement's end-date in an effort to preemptively abrogate the 2006 Settlement. Compl. at ¶¶ 50–54. Plaintiffs do not include identifiable factual underpinnings to support these assertions. Indeed, Plaintiffs mention the Fifth and Fourteenth Amendments in passing. *See id*. at ¶ 50. Similarly, Plaintiffs raise their "substantial question[s]" about a lack of consideration, calculating damages, whether the agreement runs with the land, and the lack of an end-date on *one* occasion each without legal or factual explanation. *Id*. at ¶¶ 50–54. Plaintiffs fail to satisfy their "obligation to provide the 'grounds' for this 'entitle[ment] to relief'" with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In sum, each of these five arguments lack sufficient specificity and fail as a matter of law. Defendants will thus focus on Plaintiffs' duress argument.

    (i) <u>Feeling 'pressured' does not arise to the level of duress.</u>

Plaintiffs' only non-conclusory, though still vague, contention that the 2006 Settlement is unenforceable is duress, which they characterize as "pressure," fails as a matter of law. Compl. at ¶ 32. This argument fails for three reasons: (1) representation by counsel bars a claim of duress; (2) the claimed duress did not exist at the time of settlement; and (3) Plaintiffs' factual allegations are insufficient to establish cognizable duress.

A party asserting duress faces a high bar. "[D]uress exists whenever one person, *by the unlawful act of another*, is induced to enter into contractual relations under such circumstances as to indicate that he has been deprived of the exercise of free will[.]" *Harsco Corp. v. Zlotnicki*, 779

F.2d 906, 911 (3d Cir. 1985) (quoting *Litten v. Jonathan Logan, Inc.*, 286 A.2d 913, 917 (1971)). "Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness." *Radon Constr., LLC v. Land Endeavor 0-2, Inc.*, 221 A.3d 654, 659, n.4 (Pa. Super. Ct. 2019) (quoting *Dagenhard v. Dillon Co.*, 669 A.2d 946, 950 (Pa. 1996)). Typically, for duress to abrogate a contract, "threats of actual bodily harm" must exist. *Reed v. SmithKline Beckman Corp.*, 569 F. Supp. 672, 675 (E.D. Pa. 1983) (quoting *Carrier v. William Penn Broadcasting Co.*, 233 A.2d 519, 521 (Pa. 1967)).

First, Plaintiffs executed the 2006 Settlement with the benefit and advice of counsel before this Court. Pls.' Ex. A at ¶ 14. The law is unequivocal: "the opportunity to consult with counsel vitiates a duress defense[.]"[3] *Zlotnicki*, 779 F.2d 906, 911 (3d Cir. 1985). This alone is sufficient hold that Plaintiffs' duress argument must fail as a matter of law.

Second, the duress Plaintiffs allege did not exist in May 2006. Plaintiffs allege two categories of duress: potential financial peril they face sixteen years after the Plaintiffs made the agreement and certain 2005 Philadelphia City Council (the "Council") resolutions (the "2005 Resolutions"). The financial peril Plaintiffs allege focuses on circumstances they face in 2021: higher labor costs that *could* make their potential development plans unprofitable. Compl. at ¶¶ 32–33. It is axiomatic that speculative financial circumstances, which did not exist at the time of the agreement, cannot be duress for purposes of undoing the 2006 Agreement. At best, these claims establish that Plaintiffs regret the benefit of the bargain they struck sixteen years earlier.

---

[3] *Accord Reed.*, 569 F. Supp. at 675 (no economic duress where plaintiff represented by counsel and free to consult with him or other counsel); *Dagenhardt*, 669 A.2d at 952 ("[A] party who has a reasonable opportunity to consult with legal counsel before entering into a contract cannot later invalidate the contract by claiming economic duress.").

Similarly, council adopted the 2005 Resolutions in October 2005—seven months prior to the 2006 Settlement. Def's Ex. A at DOB095–96, 105–106, 117.[4] Much like today's alleged financial pressure, the pressure Plaintiffs allege they felt from the 2005 Resolutions was remote by the time Plaintiffs executed the 2006 Settlement. *See Hotel Empees. And Rest. Empees. Union v. Sage Hosp. Res., L.L.C.*, 299 F. Supp. 2d 461, 466 (W.D. Pa. 2003) (duress must exist at the time of contract formation). A party, as Plaintiffs did here, "cannot sit idly by and receive benefits under a contract and then later raise claims of economic duress." *Id.*

Third, the factual allegations underpinning Plaintiffs' alleged duress are legally insufficient as a matter of law for multiple reasons. Plaintiffs' factual allegations in support of their alleged duress include the 2005 Resolutions, the risk presented by the 2005 Litigation, and financial peril. Even assuming all of these things true, Plaintiffs fail to make a legally cognizable claim of duress.

The 2005 Resolutions, like all Council resolutions, did not have the force of law or substantial practical import. For example, months after the 2006 Settlement, Council adopted a resolution "[u]rging" the federal government to stop certain funding practices concerning "affordable housing for families and senior citizens."[5] Rather than legislation regulating or otherwise setting forth requirements with the force of law, such resolutions more generally sentiments of Council on a particular subject. The accordant capacity of the 2005 Resolutions to impact Plaintiffs' decision making or otherwise direct outcomes is thus minimal, at best.

The 2005 Resolutions also did not include threats of bodily harm. They called for the City to "conduct an investigation and pursue enforcement . . . [of] the Philadelphia Building Code" and commitments Plaintiffs made during a July 24, 2002 zoning hearing. DOB105, 117. The 2005

---

[4] The Court can consider these documents as the Complaint incorporates them by reference and they are matters of public record. *See Havassy*, 432 F. Supp. 3d at 545 (noting courts can consider matters of public record during a motion to dismiss).
[5] Defs. Ex. B, Resolution 060748, adopted Oct. 5, 2006.

11

Resolutions also did not mandate the filing of the 2005 Litigation; instead, they suggested the filing of a court action "if necessary." *Id.*

The "threat" of the 2005 Litigation is similarly insufficient as a matter of law. Litigation is not a "cause" that can "justify the officers of a corporation to be put in fear so that they would execute a note which they otherwise would not have executed" (particularly when represented by counsel). *Carrier*, 233 A.2d at 521. Even if this was not true, Plaintiffs' representations demonstrate that the litigation did not worry them: they are clear in their belief that the 2005 Litigation was "pretextual," accordingly meritless, and that, if they did not enter into the 2006 settlement, their successful defense was a foregone conclusion. Compl. at ¶ 11. Despite this, they did not file a Rule 12 motion or otherwise litigate the matter in any real way; instead, Plaintiffs elected to settle the matter. Plaintiffs' factual allegations are thus insufficient as a matter of law to establish that Plaintiffs were "deprived the exercise of free will." *Harsco Corp.*, 779 F.2d at 911.

Finally, Plaintiffs' purported "financial peril" cannot establish duress. Compl. at ¶ 33. "Business compulsion is not established merely by proof that consent was secured by the pressure of financial circumstances[.]" *Harsco*, 779 F.2d at 911 (quoting *Litten*, 286 A.2d at 917–18)) . "[A] threat of serious financial loss may be sufficient to constitute duress and to be ground for relief *where an ordinary suit at law or equity might not be an adequate remedy*." *Id*. Plaintiffs had an adequate remedy sixteen years ago: proceeding with their purportedly strong defenses to defeat the City in the 2005 Litigation. Plaintiffs declined this opportunity; instead, they chose "to seek the quickest possible resolution" (the 2006 Settlement). Compl. at at ¶ 33. Their voluntary choice forecloses their ability to assert financial duress.

In sum, Plaintiffs' allegations—even if accepted as true—are legally insufficient to overcome the high bar for demonstrating duress. The Court should thus find, as a matter of law, that Plaintiffs' preemptive defense of duress cannot abrogate the 2006 Settlement.

(c) ***Promissory Estoppel Bars Plaintiffs from Reneging on Their 2006 Commitment***

Even if, *arguendo*, the 2006 Settlement is unenforceable, *promissory estoppel* bars Plaintiffs from reneging on their obligations. "Promissory estoppel is an equitable doctrine that may be invoked to enforce a promise made by one party to another where there is no enforceable agreement." *I.K. ex rel. B.K. v Haverford Sch. Dist.*, 567 Fed. Appx. 135, 137 (3d Cir. 2014). *Promissory estoppel* applies where: (1) "the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee"; (2) "the promisee actually took action or refrained from taking action in reliance on the promise"; and (3) "injustice can be avoided only by enforcing the promise." *Id.* (quoting *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000).

Plaintiffs acknowledge that they committed to utilize specific labor practices in 2006 in exchange for, among other things, a release of the City's claims against them. *See, e.g.*, Compl. at ¶¶ 5–7. It was thus reasonable for Plaintiffs to expect that their promise would result in the City discontinuing its action and surrender the ability to renew its claims. It is manifestly unjust to permit Plaintiffs to obtain this benefit and renege on their representations, which the City reasonably relied upon to the City's detriment. *Dugan v. O'Hara*, 125 F. Supp. 3d 527, 539 (E.D. Pa. 2015). Among other things, memories necessarily fade after sixteen years and most relevant documents no longer exist.[6] The Court should thus deny Plaintiffs' request for relief from their 2006 commitment and dismiss the Complaint with prejudice.

---

[6] Pursuant to the Home Rule Charter, Title 8, Sections 211–12, after four years the Department of Records reviews documents submitted to it and disposes ones that are not of "historical or archival value."

**III.     Conclusion**

For the foregoing reasons, the Court should dismiss the Complaint pursuant to Rule 12(b)(1) and, in addition or in the alternative, enter judgment on the pleadings under Rule 12(c).

Date:  June 11, 2021                                                         Respectfully submitted,

/s/ *Kristin K. Bray*
Kristin K. Bray
Chief Deputy City Solicitor, Code & Public Nuisance Litigation
PA Bar No. 200737
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215)683-5408
kristin.bray@phila.gov


CLEARY, JOSEM & TRIGIANI, LLP

*/s/Cassie Ehrenberg*
Joseph T. Cleary, Esquire
Cassie R. Ehrenberg, Esquire
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099
cehrenberg@cjtlaw.org
*Attorneys for Defendant PB*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOBSON MILLS APARTMENTS, L.P., DOBSON SCOTTS, L.P. and MANSION AT BALA, L.P. | : : : : |
| Plaintiffs, | : No. 21-cv-00273-JCJ : |
| v. | : : |
| CITY OF PHILADELPHIA and PHILADELPHIA, PENNSYLVANIA BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, | : : : : : |
| Defendants. | : : |

## CERTIFICATE OF SERVICE

I hereby certify that the Defendants' Motion to Dismiss And For Judgment On The Pleadings has been filed on ECF and is available for viewing and downloading.

A copy has also been mailed, via first-class mail, to the following:

Wally Zimolong
P.O. Box 552,
Villanova, PA 19085
*Attorney for Plaintiffs*

Date: June 11, 2021

/s/ *Kristin K. Bray*
Kristin K. Bray
Chief Deputy City Solicitor, Code & Public Nuisance Litigation
PA Bar No. 200737
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5408