## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOBSON MILLS APARTMENTS, L.P. et al** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-cv-273 |
| | : | |
| **CITY OF PHILADELPHIA et al** | : | |
| | : | |

McHugh, J.                                                                                                      February 23, 2022

### MEMORANDUM

The Associated Builders and Contractors Eastern Pennsylvania Chapter Inc. (ABC-EPA) have filed a Motion for Leave to file an *Amicus Curiae* Brief, ECF 45, opposed by Defendants the City of Philadelphia and the Philadelphia Building and Construction Trades Council. Having considered the relevant factors, ABC-EPA's Motion for Leave to File an *Amicus Curiae* Brief is denied.

**I.      Discussion**

Federal Rule of Appellate Procedure 29 governs filing *amicus* briefs at the appellate level, but there is no corresponding statute, rule or binding judicial precedent controlling a district court's power to grant or deny *amicus* participation. It therefore rests within a district court's discretion whether to permit the filing of an amicus brief. *See Panzer v. Verde Energy USA, Inc.*, 2021 WL 2186422, at *1 (E.D. Pa. 2021) (citations omitted).

In deciding to grant or deny leave to file an *amicus* brief, district courts have considered whether: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc.*

*v. Phila. Hous. Auth.*, 395 F.Supp.2d 206, 209 (E.D. Pa. 2005) (citing *Sciotto v. Marple Newtown School Dist.* 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)). Courts in this district routinely deny *amicus* participation when it is unnecessary, and the interests of the *amicus* are adequately protected in the case. *See id.*; *Abu-Jamal v. Horn*, No. 99-5089, 2000 WL 1100784, at *4-5 (E.D. Pa. Aug. 7, 2000); *Goldberg v. City of Phila.*, No. 91-7575, 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994).

Having considered these factors, ABC-EPA's motion will be denied.

### Special Interest

ABC-EPA argues that it has a special interest in the outcome of this litigation because it would like its member "nonunion companies" to have the "ability to perform construction work at [the construction sites of] Plaintiff Dobson Scotts … and Plaintiff Mansion at Bala." ABC-EPA's Leave Motion at 2.[1] The defendants counter that ABC-EPA is "merely a trade association with a generalized interest" in Section 8(e) of the National Labor Relations Act. Defs.' Response at 3.

ABC-EPA has not demonstrated the type of particularized "special interest" favoring the grant of *amicus* status. In *Sciotto v. Marple Newton School District*, this Court explained that the Pennsylvania School Boards Association Insurance Trust was "merely a trade association with a generalized interest in all cases related to school district liability and insurance. This is not the kind of special interest that warrants amicus status." 70 F.Supp.2d 553, 555 (E.D. Pa. 1999). Just like the entity in *Sciotto*, the ABC-EPA is "merely a trade association with a generalized interest" in Section 8(e) of the National Labor Relations Act. ABC-EPA's Leave Motion at 2. *See also Panzer v. Verde Energy USA*, 2021 WL 2186422, at *1 (explaining that an amicus interest with

---

[1] Although ABC-EPA states that it is concerned about whether ABC-EPA's non-union members will be able to perform construction work at Plaintiffs' construction sites, in a separate part of its motion, ABC-EPA alleges that it is "not partial to a particular outcome of this specific case." ABC-EPA's Leave Motion at 4.

2

generalized interest in the outcome is "insufficient to justify its participation"). ABC-EPA's argument that it would like its member nonunion companies to perform construction work at Plaintiffs' sites is entirely speculative as it is unknown whether ABC-EPA member nonunion companies will enter into contracts with Plaintiffs, should the 2006 settlement be struck down. Finally, ABC-EPA suggests that it has a pecuniary interest in the outcome of this litigation, which is considered to be a neutral factor. *Panzer*, 2021 WL 2186422, at *1.

### Competent Representation

ABC-EPA has made no claim that Plaintiffs' counsel is not qualified to represent its asserted interest. ABC-EPA simply argues that its interest—that is, to ensure that its members' interests are adequately protected by and through federal labor laws—is not represented. ABC-EPA's Leave Motion at 3. Defendants, on the other hand, contend that the information ABC-EPA presents is "an unhelpful repetition of the same argument Plaintiffs' counsel has already extensively and repeatedly briefed." Defs' Response at 3.

I am persuaded that Plaintiffs' briefs have adequately and exhaustively addressed the arguments that the settlement agreement violates Section 8(e) of the National Labor Relations Act, and the further argument regarding the Court's jurisdiction to consider such a claim.

### Timeliness and Usefulness

ABC-EPA argues that its Leave Motion is timely because the association filed it within two days of being authorized to seek leave of court. ABC-EPA's Reply at 2-3. Defendants counter that ABC-EPA's Leave Motion and proposed brief are "far from timely," given that Defendants filed a pending Motion to Dismiss and/or Judgment on the Pleadings in October, 2021, which first addressed the NLRA Section 8(e) argument, and ABC-EPA did not file its Leave Motion until 45

3

days after Plaintiffs filed the Motion for Summary Judgment on December 6, 2021. Defs.' Response at 4. This factor weighs slightly in favor of denial of the motion.

As to usefulness, the briefs already filed have extensively summarized the relevant issues. I also note that this action arises from prior litigation in this Court resulting in a 2006 settlement to which ABC-EPA was not a party, placing this case in somewhat of a unique posture. The limited utility of additional filings weighs against ABC-EPA's motion.

### Impartiality

Finally, the petitioner cannot be said to be impartial in the matter before the Court, as ABC-EPA admits it may have a pecuniary interest in the outcome of this matter. Although not dispositive, a party's lack of impartiality is "a factor to consider." *Sciotto*, 70 F.Supp.2d at 555-56 (citing *Yip v. Pagano*, 606 F.Supp. 1566, 1568 (D.N.J. 1985) and *Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). It is apparent to this Court that petitioner is better characterized as "amicus reus" or friend of the Plaintiff, than amicus curiae. *Sciotto*, 70 F.Supp.2d at 556 (citing *Leigh v. Engle,* 535 F.Supp. 418, 419 (N.D.Ill.1982)).

**II.     Conclusion**

Based on the foregoing analysis, I conclude that ABC-EPA has not satisfied the requirements for participation as *amicus curiae*. Accordingly, its motion for leave to file an *amicus curiae* brief will be denied.

    /s/ Gerald Austin McHugh
United States District Judge